IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL J. HANSON, :

       Plaintiff, : Case No. 3:17-cv-382

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant. :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #11) IN THEIR
ENTIRETY; OVERRULING PLAINTIFF'S OBJECTIONS THERETO (DOC.
#12); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT
COMMISSIONER AND AGAINST PLAINTIFF, AFFIRMING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits, Widow's Insurance Benefits, and Supplemental Security Income. On April 8, 2019, the United States Magistrate Judge filed a Report and Recommendations (Doc. #11), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005).

This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict." *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting

*N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allev. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility. *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #11) and in the Defendant's Reply to Plaintiff's Objections to that judicial filing (Doc. #13), as well as upon a thorough *de novo* review of this Court's file, including the Administrative Record (Doc. #6), and a thorough review of the applicable law, this Court ADOPTS the Report and

Recommendations in their entirety, and AFFIRMS the decision of the Defendant Commissioner.

The Court agrees with Magistrate Judge Ovington that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, was supported by substantial evidence. Plaintiff's Objections to the Report and Recommendations (Doc. #12) are OVERRULED.

Magistrate Judge Ovington properly rejected Plaintiff's claims that the ALJ erred in not giving controlling weight to the opinion of Dr. MacNealy, Plaintiff's treating physician. Dr. MacNealy stated that Plaintiff suffered from panic attacks, anxiety and depression that would cause her to be absent from work more than three times per month and would cause her to be distracted approximately 2/3 of each 8-hour work day. Doc. #6-9, PageID##971-72.

As Magistrate Judge Ovington noted, the ALJ provided several "good reasons" for giving little weight to Dr. MacNealy's opinion. The ALJ found that Dr. MacNealy had provided "little explanation and/or specific functional limitations" and that his opinion was "inconsistent with the medical evidence of record which does not show frequent reports of panic attacks." Doc. #6-2, PageID#88. The ALJ also noted that the majority of Dr. MacNealy's medical records indicate that, on examination, Plaintiff's "speech was normal, her thought process was goal directed, her behavior was cooperative, and she was oriented to time, place and person." *Id.*

In her Objections, Plaintiff argues that Dr. MacNealy's opinion is neither conclusory nor inconsistent with substantial evidence. She notes that she was also diagnosed with Bipolar 1 Disorder, PTSD, and probable ADHD. Moreover, her GAF scores indicate that she has serious difficulty in social, occupational, or school functioning. On two occasions in 2015, Dr. MacNealy indicated that Plaintiff was "obviously scared," "terrified and angry," and her "speech is trembling."

These facts, however, do not change the outcome. Magistrate Judge Ovington noted that "a treating physician's diagnosis is not determinative of the ultimate disability determination under the Social Security Act." Doc. #11, PageID#1017. The condition must be severe enough to justify an award of benefits. The ALJ gave Plaintiff's GAF scores limited weight because "[t[hese subjectively assessed scores reveal only snapshots of impaired and improved behavior." She gave greater weight to the "objective details and chronology of the record, which more accurately describe the claimant's impairments and limitations." Doc. #6-2, PageID#88. Although Plaintiff cites two occasions on which Dr. MacNealy noted Plaintiff's observable distress, Magistrate Judge Ovington correctly pointed out that the ALJ stated that Dr. MacNealy's opinion was "inconsistent with the *majority* of his examinations." *Id.*

In the Court's view, the ALJ was justified in not giving Dr. MacNealy's opinion controlling weight. Magistrate Judge Ovington correctly found that the Commissioner's decision was supported by substantial evidence.

Accordingly, judgment shall be entered in favor of the Defendant Commissioner and against Plaintiff, affirming the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 25, 2019

WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT